Lawrence Peikes (LP-2478)
lpeikes@wiggin.com
WIGGIN AND DANA LLP
437 Madison Avenue
35th Floor
New York, NY 10022
(212) 551-2600

Attorneys for Defendant
Walmart Inc. f/k/a Wal-Mart Stores, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NATANZIA ST. ROSE, | : | |
| Plaintiff | : | CASE NO. _____ |
| v. | : | |
| WALMART, INC., | : | **NOTICE OF REMOVAL** |
| Defendant. | : | |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Defendant Walmart Inc.[1] ("defendant" or "Walmart") hereby notices the removal of this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction. Removal is appropriate based on the following:

1. On or about May 17, 2021, plaintiff Natanzia St. Rose ("plaintiff") filed a civil action against defendant in the Supreme Court of the State of New York, County of Nassau, designated as Index No. 606148/2021. A copy of the Summons and Complaint is attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a). This is the only process, pleadings and orders known by defendant to have been filed or served in this action to date.

2. Defendant first received notice of the civil action on or about June 22, 2021, when process was served on Walmart by certified mail.[2]

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after defendant was first notified of the lawsuit.

4. The Supreme Court of the State of New York, County of Nassau, is located within the Eastern District of New York. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. In her Complaint, plaintiff purports to allege claims under the New York City Human Rights Law, NYC Admin. Code § 8-107, for harassment, hostile work environment, and wrongful termination (First Cause of Action), and retaliation (Second Cause of Action), for criminal record discrimination under the New York State Human Rights Law, N.Y. Exec. Law §§ 296, *et seq.* (Third Cause of Action), and for Negligent Infliction of Emotional Distress (Fourth Cause of Action).

6. This action is properly removable because the United States District Court has original diversity-based jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interests or costs, and is between citizens of different states.

7. Plaintiff alleges that she resides in Nassau County, New York. (Exhibit A, ¶ 3). Upon information and belief, plaintiff is domiciled in New York and is therefore a citizen of

---

[1] Defendant's proper name is "Walmart Inc." not "Walmart, Inc."
[2] Plaintiff also served the summons and complaint on the Secretary of State pursuant to CPLR 311 and 306. "However, where service is made on a statutory agent such as the Secretary of State, a defendant's time to remove runs, not from the date of service on the statutory agent, but from the date on which the defendant receives the notice that such service is made." Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000). Walmart received notice of plaintiff's service on the Secretary of State on June 22, 2021.

New York for diversity purposes. 15 Moore's Federal Practice, § 102.30, at p. 102-127 (Matthew Bender 3d Ed. 2015).

8. Defendant Walmart Inc., formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with a principal place of business in Arkansas, and is therefore a citizen of Delaware and Arkansas for diversity purposes. 28 U.S.C. § 1332(c)(1). See also Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) ("For purposes of the statute, a corporation is a citizen of the state in which it has its principal place of business and every state in which it has been incorporated.").

9. Consequently, there exists complete diversity between plaintiff, a citizen of New York, and defendant, a citizen of Delaware and Arkansas.

10. Plaintiff's Complaint does not specify the precise amount of monetary damages claimed, as such is not required by the CPLR. However, were plaintiff to prevail on one or more of the claims alleged in the Complaint, she clearly would be eligible to recover monetary damages exceeding $75,000.00, exclusive of interests and costs. See 28 U.S.C. §§ 1332(a)(1), 1446(c)(2)(A)(ii).

11. Plaintiff's Complaint delineates the types of damages sought without quantification. According to the Complaint, Walmart unlawfully terminated plaintiff's employment. Damages for wrongful discharge would necessarily include back pay, consisting of lost wages, fringe benefits, and other employment benefits, see Antoine v. Brooklyn Maids 26, Inc., __ F. Supp. 3d __, 2020 WL 5752186, at *12 (E.D.N.Y. Sept. 26, 2020) ("Under … the NYSHRL …, a plaintiff is generally, but not automatically, entitled an award of back pay from the date of termination to the date of judgment."), and potentially front pay, id. at *14 ("The court has the discretion to award front wages to a prevailing plaintiff under … the NYSHRL

…"). Additionally, plaintiff claims to have suffered "substantial emotional distress, pain, and suffering." (Exhibit A, ¶ 26); (see also Exhibit A, ¶ 17) (alleging that plaintiff experienced "pain and suffering and emotional distress"); (Exhibit A, ¶ 22) (alleging that plaintiff experienced "pain and suffering"); (Exhibit A, ¶ 30) (alleging that plaintiff "suffered severe or extreme emotional distress"). An award of compensatory damages for lost wages coupled with even garden-variety emotional distress is almost certain to exceed the $75,000.00 threshold. See Duarte v. St. Barnabas Hosp., 341 F. Supp. 3d 306, 324 (S.D.N.Y. 2018) ("The Second Circuit has 'affirmed awards of $125,000 to plaintiffs for garden variety emotional distress resulting from discrimination where the evidence of emotional distress consisted only of 'testimony establishing shock, nightmares, sleeplessness, humiliation, and other subjective distress,'' without evidence of 'secondary physical results or consequences—'or professional treatment.'"") (quoting Lore v. City of Syracuse, 620 F.3d 127, 177 (2d Cir. 2012)). Additionally, plaintiff seeks an award of attorneys' fees pursuant to N.Y. Exec. Law § 297(10). Punitive damages, also sought by plaintiff, are now potentially recoverable under the HRL. N.Y. Exec. Law § 297(9). Thus, while plaintiff's claimed damages are not calculable with precision at this juncture, it is readily apparent that should plaintiff prove to be the prevailing party she will be eligible to recover substantially more than $75,000.00. See 28 U.S.C. §§ 1332(a)(1), 1446(c)(2)(A)(ii).

12. Defendant has not filed a responsive pleading in the State Court action and no other proceedings have transpired in that forum.

13. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on all adverse parties and upon the Clerk of the State Court.

14. By removing this matter, defendant does not waive or intend to waive any available defenses.

4

**WHEREFORE,** defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.

Dated: July 22, 2021
      New York, New York

    Respectfully submitted,

    DEFENDANT,
    WALMART INC.

    By: */s/ Lawrence Peikes*
        Lawrence Peikes (LP-2478)
        lpeikes@wiggin.com
        WIGGIN AND DANA LLP
        437 Madison Avenue
        35th Floor
        New York, NY 10022
        (212) 551-2600

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of July, 2021, the foregoing Notice of Removal was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Lawrence Peikes*
Lawrence Peikes (LP-2478)

24860\27\4846-5693-2849.v1