# EXHIBIT A



# Service of Process Transmittal
06/22/2021
CT Log Number 539776462

| | |
|---|---|
| **TO:** | Kim Lundy- Email<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in New York** |
| **FOR:** | WALMART INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | St. Rose Natanzia, Pltf. vs. Walmart, Inc., Dft.<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint, Verification, Attachment(s) |
| **COURT/AGENCY:** | Nassau County Supreme Court, NY<br>Case # 6061482021 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 05/22/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/22/2021 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Hendrick Vandamme<br>Vadamme Law Firm, P.C.<br>46 Trinity Place<br>3rd Floor<br>New York, NY 10006<br>212-64100613 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/22/2021, Expected Purge Date: 06/27/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



US POSTAGE
$ 005.00



USPS CERTIFIED MAIL

9214 8969 0059 7933 6702 70

202106110328
WALMART INC.
28 LIBERTY STREET
NEW YORK NY, 10005

State of New York - Department of State
Division of Corporations

Party Served:
WALMART INC.

Plaintiff/Petitioner:
ST. ROSE, NATANZIA

WALMART INC.
28 LIBERTY STREET
NEW YORK, NY 10005

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 05/20/2021 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
NATANZIA ST. ROSE,                                  Index No.:

                                                    **SUMMONS**

                        Plaintiff,
                                                    Plaintiff designates Nassau
                                                    County the place of trial

                                                    The basis of the venue is the
                                                    parties' residence and place
                                                    of business

            -against-

WALMART, INC.

                        Defendant.
-------------------------------------------------------------------X

*YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against by default for the relief demanded in this complaint.

Dated: New York, New York
       April 27, 2021

                                                    Yours, etc.,

                                                    VANDAMME LAW FIRM, P.C.
                                                    /s/ _____
                                                    Hendrick Vandamme, Esq.
                                                    46 Trinity Place, 3rd Floor
                                                    New York, New York 10006
                                                    Tel: (212) 641-0613/212-851-6916



TO: WALMART, INC.
Defendant
77 Green Acres Rd
Queens Village, NY 11581

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
NATANZIA ST. ROSE,                                    Index No.:

                Plaintiff,                **VERIFIED COMPLAINT**

    -against-

WALMART, INC.
                Defendant.
-----------------------------------------------------------------------X

Plaintiff, NATANZIA ST. ROSE, (hereinafter "Plaintiff"), by her attorneys, Vandamme Law Firm, P.C., as and for her Verified Complaint against Defendant WALMART, INC., ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the claims that arise under New York laws.

2. Venue is proper because at least one party resides in Nassau County.

3. Plaintiff NATANZIA ST. ROSE, is a resident of Nassau County, New York, and a former employee of the Defendant.

4. Upon information and belief, Defendant WALMART, INC., is foreign corporation registered to do business in the State of New York with a place of business located at 77 Green Acre Road, Valley Stream, NY 11581.

5. This is a civil action seeking monetary relief, compensatory damages, disbursements, costs and fees for violations of Plaintiff's rights resulting from wrongful termination, discrimination, harassment, hostile work environment, violation of New York State employment laws, and retaliation.

6. Specifically, Plaintiff alleges that Defendant negligently, intentionally, wantonly, recklessly, and knowingly sought and did wrongfully deprive her of his employment, position, title, and pay through discrimination, harassment, and retaliation. Plaintiff alleges that Defendant purposefully discriminated against her, retaliated against her by creating a hostile work environment, and wrongfully terminating her employment.

7. Plaintiff alleges that the Defendant created a workplace atmosphere that was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of Plaintiff's employment with Defendant.

8. The alleged acts against Plaintiff were done knowingly, purposely, and with all intentions of depriving her of her right to be free of discrimination and retaliation within his employment with the defendant.

9. Defendant is subject to state and federal employment laws of the State of New York.

## FACTS

10. The plaintiff is a black female. In or about 2015, the Plaintiff started working for the defendant as a customer service manager. In or about 2017, Plaintiff was promoted to a personal coordinator.

11. Prior to the start, Plaintiff underwent a background check. Plaintiff disclosed to the defendant her prior conviction.

12. In or about April 2018, a Defendant's employee texted the plaintiff a NY Daily News article from 2011 regarding the plaintiff.

13. Shortly thereafter, the HR summoned the plaintiff to a meeting where the HR inquired about her prior conviction. The plaintiff told the HR that she disclosed her prior conviction on her job application and provided all her personal information to conduct a background check.

14. Despite plaintiff's full prior disclosure regarding her conviction, on or about May 22, 2018, the defendant terminated the defendant's employment. Upon information and belief, males and white employees who had disclosed prior convictions were not fired and permitted to continue working for Defendant. As such, Plaintiff was singled out and subject to discriminatory actions.

## AS AND FOR A FIRST CAUSE OF ACTION
## HARASSMENT, HOSTILE WORK ENVIRONMENT,
## WRONGFUL TERMINATION UNDER NYCHRL

15. Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 14 as if fully set forth herein.

16. Defendant discriminated against Plaintiff by subjecting her to a discriminatory, hostile and intimidating work environment that resulted in an adverse employment action, in violation of the NYC Admin. Code §8-107.

17. As a result of the Defendant's conduct, Plaintiff has suffered monetary damages, pain and suffering and emotional distress. As such, Plaintiff seeks damages, including attorneys' fees, on the First Cause of Action in an amount to be determined at trial.

## AS FOR A SECOND CAUSE OF ACTION
## RETALIATION UNDER NYCHRL

18. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1-19 as if fully set forth herein.

19. Under the NYCHRL it is unlawful discriminatory practice for an employer to retaliate

or discriminate in any manner on the basis of an employee's complaints about unlawful discrimination or a hostile work environment. A *prima facie* case of retaliation under the NYCHRL is demonstrated when a party participated in a protected activity, the defendant knew about his participation, the defendants took an employment action that disadvantaged the plaintiff and there is a causal connection between the protected activity and the negative employment action.

20. In this case, plaintiff was singled out because of her race and her prior conviction. The defendant retaliated against the plaintiff and terminated her position.

21. Defendant's actions constitute unlawful retaliation for which the Plaintiff has suffered damages.

22. As such, Plaintiff seeks damages on the Second Cause of Action including back pay, front pay, compensatory damages, punitive damages, pain and suffering, and attorney's fee in an amount to be determined at trial.

## AS FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF NYS HUMAN RIGHTS LAW

23. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of the Complaint as if the fully set forth herein.

24. Defendant intentionally and/or negligently discriminated against the Plaintiff in violation of the NYSHRL because of Plaintiff's prior conviction that she had previously disclosed to the Defendant.

25. Defendant discriminated against the Plaintiff and singled out the Plaintiff because of her prior conviction.

26. As a result of the Defendant's violations of the NYSHRL, Plaintiff has lost pay and benefits and suffered substantial emotional distress, and pain and suffering. As such, Plaintiff seeks

damages on the Third Cause of Action in an amount to be determined at trial.

## AS FOR AN FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. The Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 26 as if fully set forth herein.

29. Defendant engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

30. As a proximate result of the Defendant's action, Plaintiff suffered severe or extreme emotional distress. As such, Plaintiff seeks damages on the Fourth Cause of Action in an amount to be determined at trial.

**WHEREFORE**, Plaintiff NATANZIA ST. ROSE demands judgment against the Defendant WALMART, INC., in the amount set forth by a jury and for relief requested herein, back pay with prejudgment interest and all the fringe benefits to which she is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of the Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
      April 27, 2021

                                        Yours, etc.,

                                        VANDAMME LAW FIRM, P.C.
                                        /s/
                                        Hendrick Vandamme, Esq.
                                        46 Trinity Place, 3rd Floor
                                        New York, New York 10006
                                        Tel: 212-641-0613/212-851-6916

## VERIFICATION

Hendrick Vandamme, an attorney for the plaintiff and duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

I have read the complaint and know the contents to be true except to the matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The source for this information and the ground for my belief are derived from the file maintained in the normal course of business by the attorneys for the plaintiff.

Since my firm maintains an office in New York County and the plaintiff resides in Nassau County, New York, the complaint was affirmed by me.

Dated: New York, New York
April 27, 2021

/s/ _____
Hendrick Vandamme, Esq.

Index No.
SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF NASSAU

NATANZIA ST. ROSE,

                     Plaintiff,

   -against-

WALMART, INC.

                     Defendant.

**VANDAMME LAW FIRM, P.C.**
Attorneys for Plaintiff
46 Trinity Place, 3rd Floor
New York, New York 10006
(212) 641-0613
(212) 851-6916

## Summons and Verified Complaint

**Pursuant to 22NYCRR 130- 1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.**

      _s/ Hendrick Vandamme_
      **HENDRICK VANDAMME, ESQ.**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an order duly entered in the office of the clerk of the within-named Court on

☐ NOTICE OF SETTLEMENT
that an order, of which the within is a true copy, will be presented for settlement to the
HON.                              one of the judges of the within-named Court, at
on the      day of         , 20   , at      A.M.

325

328

8021061108